**Bradley E. FARRIS, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,**
**Respondent.**

**No. 01–3299.**

United States Court of Appeals,
Federal Circuit.

Jan. 16, 2002.

Before CLEVENGER, SCHALL, and
LINN, Circuit Judges.

PER CURIAM.

Bradley E. Farris seeks review of the
final decision of the Merit Systems Protec-
tion Board ("Board") dismissing his appeal
on the ground that his resignation from
the U.S. Postal Service ("agency") was vol-
untary, as opposed to being forced upon
him against his will. *Farris v. U.S. Postal
Service*, No. AT0752000293–I–1 (June 11,
2001). We *vacate* the Board's final deci-
sion and *remand* the case for further pro-
ceedings.

I

Mr. Farris previously served as a letter
carrier in the agency's Bradenton, Florida,
facility. On November 14, 1996, one of
Mr. Farris's superiors, Francis Barrett
("Barrett"), noted on an agency routing
slip that "Brad Farris called in on Sat.
Nov. 9, 1996, at approximately 0715, to
notify us that he was resigning from the
Postal Service. Did not give me any rea-
son for resignation." The slip was ad-
dressed to "Frank," and it was treated by
the agency as Mr. Farris's voluntary act of
resignation. The agency officially treated
Mr. Farris as having resigned on Novem-
ber 9, 1996.

Mr. Farris suffers from permanent fecal
incontinence. The agency knew of his con-
dition when it hired him, and the agency
was able to accommodate Mr. Farris's con-
dition with work assignments that afforded
him access to the necessary facilities dur-
ing his workday. In due course, according
to Mr. Farris, the agency, acting through
certain supervisory officials, set out to
make his working conditions intolerable so
as to coerce him into retirement. After he
was notified that the agency treated him
as voluntarily retired as of November 9,
1996, he appealed to the Board asserting

wrongful removal on the ground that his retirement was not voluntary but had been forced upon him.

The Board found that Mr. Farris had made a nonfrivolous allegation of involuntary resignation and therefore held a hearing to determine the facts. Mr. Farris testified that he called Barrett on November 9 to say that he was sick and would not come into work that day. According to Mr. Farris, Barrett asked him "why don't you just not come back?" Mr. Farris testified that he asked if that question meant that he was being fired, and that Barrett responded, "take it however you want to take it. Just don't come back."

According to Barrett's testimony, Mr. Farris called in on November 9 and stated that he was resigning. One of Mr. Farris's colleagues, Kenneth Briske ("Briske"), testified that he called Mr. Farris in the evening of November 9, to learn how Mr. Farris was doing, because Mr. Farris had not come to work and there was a rumor around the office that he had resigned. The record does not disclose who started the resignation rumor.

The Board concluded that the foregoing testimony established that Mr. Farris had voluntarily resigned from his position during his telephone conversation with Barrett on November 9. Because voluntary resignations are not agency actions over which the Board has jurisdiction, the Board dismissed Mr. Farris's appeal. On June 11, 2001, the Board entered a final decision denying Mr. Farris's petition for review requesting reconsideration of the original Board decision, and Mr. Farris appealed. We exercise jurisdiction over this appeal from a final decision of the Board pursuant to 28 U.S.C. § 1295(a)(9).

## II

The only evidence of record that Mr. Farris's resignation was voluntarily made by telephone on November 9 is (a) Barrett's testimony, (b) Barrett's routing slip notation made several days after the telephone call, and (c) Briske's testimony that rumors around the office had it that Mr. Farris had resigned. Before the Board, Mr. Farris testified unequivocally that he had not resigned during the telephone conversation. Additionally, he argued that, under the agency's rules, resignations must be in writing submitted by the employee. Indeed, Mr. Farris argued in his Statement of Facts and Issues for Hearing on Appeal that there is no resignation of record in the agency that complies with the agency's own regulations concerning resignations. Mr. Farris drew the attention of the Board to those regulations, which had been made of record by the agency in tab 3F of the agency's Motion to Dismiss for Lack of Jurisdiction. In response to the agency's motion Mr. Farris again cited the agency's rules that specify the steps that must be taken in order for an employee to resign. In the light of those provisions, Mr. Farris asserted that he never requested resignation in writing, and stated that "Mr. Farris never resigned."

According to the agency's regulations,

The following policies apply regarding notice and acceptance of resignations:

a. *Written Resignation.* Resignations should be submitted in writing. The employee specifies the reason and effective date....

b. *Oral Resignation.* If employees decline to submit written resignations, their oral resignations must be accepted, preferably in the presence of witnesses....

c. *Reason for Resignation.* The reason for a resignation should be clearly stated in either a written or oral resignation. If the employee fails to give a

reason for resignation, the supervisor enters the reason he or she believes the employee resigned.

United States Postal Service, *Employee and Labor Relations Manual* § 365.214.

Even though Mr. Farris thus called the Board's attention to the foregoing provisions that the agency is to follow in accepting resignations, the evidentiary weight of those provisions was not considered by the Board in its decision that Mr. Farris voluntarily resigned by telephone on November 9. Instead, the Board relied on Barrett's testimony, Barrett's routing slip and the hearsay testimony from Briske about a workplace rumor of Mr. Farris's resignation.

### III

In his brief to this court, Mr. Farris again draws attention to the agency's rules regarding resignations. His lead brief argues that his supposed voluntary resignation does not satisfy the agency's procedures. The agency's reply brief, like the decision of the Board, does not respond to Mr. Farris's argument based on the agency's written policies. The agency's failure to come to grips with its own rules did not go unnoticed by Mr. Farris. In his reply brief to this court, he tweaks the agency, rightly: "Mrs. Francis Barrett scribbled in her own handwriting my resignation on a routing slip and filed it to personnel, *six days later*, violating policies and procedures of the postal services and violating my rights as an employee." Reply brief at 2.

### IV

We are authorized to disturb a final decision of the Board if we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. When facts are the basis for the Board's final decision, the factual findings of the Board must rest on substantial evidence. 5 U.S.C. 7703(c) (2000).

In this case, the Board has overlooked a key piece of evidence that bears on whether Mr. Farris's resignation was voluntary. Mr. Farris can hardly be deemed to have had a fair hearing and decision on his claim of involuntary resignation when the agency's own rules were in the record before the Board, were pertinent to the question of whether Mr. Farris's resignation was voluntary, and were simply overlooked. A factual finding that Mr. Farris voluntarily resigned without consideration of the agency's procedures governing voluntary resignations is a factual finding that lacks substantial evidence for support. The final decision of the Board must be vacated and the case remanded for further consideration in the light of the evidentiary weight of the agency's rules on how voluntary resignations are to be processed.

We would be remiss were we not to comment on the inadequacy of the agency's brief to this court. As stated above, the agency simply refuses to acknowledge Mr. Farris's valid argument based on the agency's rules. Furthermore, the agency states in its brief that Mr. Farris gave "testimony that he resigned" that the Board accepted. Agency brief at 5. That of course is simply false; Mr. Farris testified that he did not resign. The agency also misunderstands our role in reviewing cases such as this. According to the agency, this court lacks authority to decide whether the Board's fact-finding of voluntariness can be overturned. Such is "for the Board to decide," according to the agency. Agency brief at 8. This court has ample authority to decide, in a case such as this, whether substantial evidence supports a Board conclusion that a resignation was voluntary. *See* 5 U.S.C. § 7703(c) (2000).

We express no view on the ultimate question of whether Mr. Farris's resignation was voluntary or involuntary. That is a matter for the Board to determine in the first instance. But the Board's determination must be based on all the relevant evidence of record, and in this case the Board has yet to assess all the relevant evidence. On remand the Board will have the opportunity to hear from Mr. Farris and the agency as to the pertinence of the agency's rules on resignation to the ultimate question of whether Mr. Farris voluntarily resigned.