**Bradley E. FARRIS, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 03-3034.

United States Court of Appeals, Federal Circuit.

DECIDED: May 7, 2003.

Before MAYER, Chief Judge, MICHEL, and RADER, Circuit Judges.

PER CURIAM.

Bradley E. Farris seeks review of the final decision by the Merit Systems Protection Board ("Board") in 2002 dismissing his 1996 appeal of his separation from his position as a mail handler. *Farris v. U.S. Postal Serv.,* No. AT0752000293–M–1 (Oct. 29, 2002). The Board ruled that he submitted his resignation from the United States Postal Service ("agency") and it was voluntary and therefore the appeal fell outside of the Board's jurisdiction. *Id.* Because the Board's finding of the voluntariness of Farris's oral resignation is supported by substantial evidence, including evidence addressed in the remand decision

about the agency's personnel manual which contains procedures concerning acceptance of resignations, we *affirm.*

This is the second time this case has been before this court. In the first appeal, we vacated and remanded the decision for lack of jurisdiction because the Board "overlooked a key piece of evidence that bears on whether Mr. Farris's resignation was voluntary." *Farris v. U.S. Postal Serv.,* 26 Fed.Appx. 963, 965 (Fed.Cir. 2002) (*"Federal Circuit Decision"*). Specifically, the Board neglected to consider whether the agency's personnel manual supported or controverted the finding that Farris's telephone resignation was voluntary, although Farris had raised the issue and cited the manual before the Board. *Id.* In remanding, this court took no position on the ultimate question, but merely directed the Board to make that determination in the first instance after addressing the previously overlooked evidence. *Id.* at 966. That evidence was just the manual provision.

Having now demonstrated careful scrutiny of both the manual—that resignation in writing is preferred but not required and oral resignations "must" be accepted – and the testimony explaining the agency personnel's nonconformance with the customary paperwork procedures for recording oral resignations, the Board has shown in its remand opinion that the additional evidence actually supports its original decision. *Farris v. U.S. Postal Serv.,* No. AT0752000293–M–1, slip op. at 7 (Sept. 24, 2002). Indeed, the Board simply reissued its earlier opinion with several pages added. The Administrative Judge found based on conflicting testimony that Farris did resign over the phone and was not coerced. *Id.* at 9. Indeed, the years of delay before the appeal hardly support his claim of being misunderstood or coerced. Further, the Board found "there was noth-

ing nefarious about the timing of [the supervisor's] recording of the appellant's oral resignation or her failure to use the proper form, just a lack of experience in handling resignations." *Id.* at 6. And also, that the supervisor's delay and failure to use the proper form to record the resignation "do not detract from her credibility." *Id.* The Administrative Judge had accepted the supervisor's testimony about the content of the phone call, rejecting Farris's in which he denied saying he was resigning. Because we conclude that the manual evidence adds to rather than diminishes the prior evidence, we hold there was substantial evidence supporting the Board's remand decision, including on the sole issue for further consideration in this court's remand instructions—what "evidentiary weight [should be given] the agency's rules on how voluntary resignations are to be processed," *Federal Circuit Decision* at 965. We therefore must affirm.